UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Stanley Brent Butler,             ) C/A No. 8:13-941-TMC-JDA
                                       )
                                       )
                      Plaintiff,   )
                                       )
vs.                                     )
                                       ) Report and Recommendation
Greenwood County Sheriffs Office;  )
Deputy Scott Rush,             )
                                       )
                                       )
                      Defendants.   )
_____

## *Background of this Case*

Plaintiff is a resident of Bradley, a town in southwestern Greenwood County, South Carolina.  On the date that Plaintiff signed the Complaint, January 16, 2013, Plaintiff was confined at the Greenwood County Detention Center.  The Defendants in this case are the Greenwood County Sheriff's Office and a deputy sheriff.

The above-captioned case concerns a nol prossed charge involving the alleged distribution of cocaine.  Plaintiff states that he was served with an arrest warrant "[i]n or around" August of 2007.  The warrant alleged that Plaintiff had sold crack cocaine to an undercover law enforcement officer.  Plaintiff states that he hired an attorney and that the charge was dropped on May 13, 2009.

The Public Index for the Greenwood County Clerk of Court website (http://198.206.194.114/greenwood/publicindex/PISearch.aspx, last visited on Apr. 10,

2013)[1] indicates that the charge in question was Warrant No. H990020, which was docketed in the Magistrate Court for Greenwood County on September 17, 2007. After an indictment was issued in the case on December 10, 2007, the matter became Indictment No. 2007-GS-24-01954. According to the Public Index, Indictment No. 2007-GS-24-01954 was nol prossed on April 13, 2009, by the Office of the Solicitor for the Eighth Judicial Circuit. In the Complaint, Plaintiff states that he was informed on May 13, 2009, that the charge had been dropped.

In his prayer for relief, Plaintiff seeks $3200 for the money paid to the bail bondsman, $2500 for the sum paid to his attorney, and compensation for "the stress that this bogus charge placed on [his] life." Plaintiff also seeks a jury trial.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v.*

---

[1]In the above-captioned case, this Court may take judicial notice of the Public Index for the Clerk of Court for Greenwood County. See *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011); *see also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631–33 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686–88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Although false arrest is a facially valid civil rights claim, *see Wallace v. Kato*, 549 U.S. 384 (2007), Plaintiff's claim for false arrest fails because Plaintiff states that he was arrested on the charge pursuant to an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("a claim for false arrest may be considered only when no arrest warrant has been obtained"); and *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (when the arresting official makes the arrest with a facially valid warrant, it is not false arrest). Moreover, the issuance of the indictment on December 10, 2007,

conclusively establishes the existence of probable cause and precludes a claim of false arrest.   A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983.   *See Gatter v. Zappile,* 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), *aff'd*, 225 F.3d 648 (3d Cir. 2000), and *Sibdhannie v. Coffey*, No. CIV. A. 06-3394(PGS), 2006 WL 3780778, at *3 (D.N.J. Dec. 21, 2006) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983."), which are cited in *Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007).

With respect to a possible claim of malicious prosecution, even if one were to assume that Plaintiff received a "favorable termination" on the charge no later than May 13, 2009,[3] the above-captioned case is not timely.   In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations.   *See Wilson v. Garcia*, 471 U.S. 261, 265-80 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries).   South Carolina's applicable personal injury statute of limitations is codified at S.C. Code Ann.

---

[3]In *Stokes v. Moorman*, Civil Action No. 9:10-1711-CMC-BM, 2010 WL 3862568, at *5 (D.S.C. Aug. 17, 2010) (collecting cases), *adopted by* 2010 WL 3834470 (D.S.C. Sept. 27, 2010), *aff'd*, No. 10-7411, 406 Fed.Appx. 823, 2011 WL 13551 (4th Cir.  Jan. 4, 2011), *cert. denied*, 180 L.Ed.2d 825, 131 S.Ct. 2994 (2011), the Honorable Bristow Marchant, United States Magistrate Judge, concluded that, to satisfy the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994), a litigant must have received a termination consistent with his or her innocence.  In light of the untimeliness of this case, however, it is not necessary for this Court to determine whether Plaintiff actually received a truly "favorable termination" when Indictment No. 2007-GS-24-01954 was nol prossed.

§ 15-3-530 (Westlaw 2013), which establishes a three-year limitations period for causes of action arising on or after April 5, 1988.

Although Plaintiff signed the Complaint on January 16, 2013, he did not deliver the pleadings to jail officials for mailing to this court prior to his release from the Greenwood County Detention Center.  Plaintiff mailed the pleadings to the Clerk's Office on April 5, 2013 (ECF No. 1-1).  There is no *Houston v. Lack* "delivery" date in this case because the pleadings were mailed to the Clerk's Office from  a non-prison/non-jail address.  Hence, the holding in *Houston v. Lack*, 487 U.S. 266, 276 (1988) prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court), is not applicable.  The "*Martin v. Demma*" date (*i.e.*, the filing date for limitations purposes) is April 8, 2013, the day the pleadings were received by the Clerk's Office.  *See Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987)(*per curiam*).

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading.  *See*, *e.g.*, *United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *American Nat'l Bank v. Fed. Deposit Ins. Corp.*, 710 F.2d 1528, 1537 (11th Cir. 1983).  Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to defendants in determining under § 1915 whether process should be issued against the defendants.  *See also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.") (*citing Todd v. Baskerville*, and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the

matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.")).  Hence, even if one were to take May 13, 2009, as the date of any possible favorable termination, this case is untimely by more than ten (10) months.[4]

In addition to the untimeliness, the Greenwood County Sheriff's Office is immune from suit.  Sheriff's Departments in South Carolina are state agencies, not municipal departments.  *See* S.C. Code Ann. § 23-13-550 (Westlaw 2013); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (Westlaw 2013), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff; *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n.1 (2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Allen v. Fid. and Deposit Co.*, 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *aff'd*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996)

---

[4]The United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations:

> Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience.  Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertion of rights as it does to all things human.

*United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969) (citation omitted from quotation).

(suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

April 11, 2013        s/Jacquelyn D. Austin
Greenville, South Carolina     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).